JOHN HARRIS, P.C., Appellant, v FSA MAIN STREET, LLC, et al., Respondents. [978 NYS2d 156]—

The record shows that defendants did not default. This action to collect legal fees was initiated by the filing of a summons with notice. On or about April 9, 2012, defendants timely served a demand for a complaint pursuant to CPLR 3012 (b), thus extending their time to appear and answer until 20 days after service of the complaint (*see Beltrez v Chambliss*, 68 AD3d 681, 682 [1st Dept 2009], *lv denied* 14 NY3d 707 [2010]). It is undisputed that plaintiff never served the complaint, but instead commenced proceedings to obtain a default judgment on April 17, 2012; the judgment was entered April 30, 2012.

Plaintiff argues that the demand was a nullity, because defendants served it via traditional mail, rather than through the electronic filing system. However, the e-filing rules provide that "all documents filed and served in Supreme Court shall be filed and served by electronic means" (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.5-bb [a]). Plaintiff does not contend that either rule or practice mandates that CPLR 3012 (b) demands be filed in Supreme Court.

In any event, we find that defendants demonstrated a reasonable excuse and a meritorious defense. The mandatory e-filing rules went into effect on January 9, 2012; any confusion in implementing them was understandable under the circumstances, particularly the fact that plaintiff neither rejected defendants' CPLR 3012 (b) demand nor informed opposing counsel that it would be disregarding the demand based upon its interpretation of the new rules. The affidavit by defendants' manager and officer, coupled with documentary evidence showing that defendants challenged plaintiff's chronically late fee invoices and disputed the amounts, sufficed to establish a meritorious defense (*see Goldman v Cotter*, 10 AD3d 289, 292 [1st Dept 2004]). Contrary to plaintiff's contention, the documentary evidence does not thoroughly refute defendants' claims; moreover, defendants were not required to prove their defense at this juncture (*see Matter of De Sanchez*, 107 AD3d 409, 410 [1st Dept 2013]).

We see no reason to disturb the court's determination that sanctions against defendants were not warranted. Concur— Sweeny, J.P., Acosta, Saxe, Moskowitz and Clark, JJ.